# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1738 | DATE | 8/27/2003 |
| CASE TITLE | IRWIN INDUSTRIAL TOOL COMPANY vs. STEVEN J. OROSZ, JR. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 10/23/03 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendants' motion to dismiss for lack of personal jurisdiction is denied; and the defendants' motion to transfer venue is also denied. Responsive pleadings to be filed by 9/17/03. Rule 26 disclosures to be exchanged by 9/17/03. Plaintiff's motion to supplement record in regard to defendants' motion to dismiss or transfer venue is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 29 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IRWIN INDUSTRIAL TOOL )
COMPANY, formerly known as )
American Tool Company, )
 )
    Plaintiff, )
 ) No. 03 CV 1738
v. )
 )
STEVEN J. OROSZ, JR. and ) Judge John W. Darrah
CHARLES F. SCHROEDER, )
 )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Irwin Industrial Tool Company ("Irwin"), filed a multi-count amended complaint against Defendants, Steven J. Orosz ("Orosz") and Charles F. Schroeder ("Schroeder"). Count I seeks a declaratory judgment of non-infringement of the United States Patent No. 5,836,081 ("'081 Patent"); Count II seeks a declaratory judgment of the invalidity of the '081 Patent claims; Count III alleges unfair competition under the Lanham Act; Count IV alleges commercial disparagement under Illinois common law; Count V alleges a violation of the Illinois Uniform Deceptive Trade Practice Act; Count VI alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; and Count VII alleges tortious interference with business relations. Defendants have moved to dismiss the claims against them for lack of personal jurisdiction and, alternatively, to have the case transferred to the federal court in the Northern District of Ohio.

Irwin, formerly known as American Tool Company, is a Delaware corporation with its principal place of business in Freeport, Illinois. On a nationwide basis, Irwin markets and sells the STRAIT-LINE® laser product which resembles a basic tape measure and produces a laser



"chalkline" for use in building and construction-related projects. The STRAIT-LINE® laser product is designed and marketed for various tool and hardware retailers and distributors, such as Ace Hardware Corporation ("Ace"), one of Irwin's larger clients.

Orosz, a resident of Oregon, Ohio, is the listed inventor and two-thirds interest owner of the '081 Patent. The '081 Patent is for a portable light beam leveling device and method for leveling transducer devices for such as in systems for invasive medical monitoring of hemodynamics. Schroeder, a resident of Toledo, Ohio, is the assignee and owner of a one-third interest in the '081 Patent.

On or about July 8, 2002, Orosz initially contacted Irwin through an e-mail regarding a new product idea; Orosz also told Irwin that he and his company, OroTEK, had just received patents on a laser level. In a follow-up letter sent to Irwin in Vernon Hills, Illinois, Schroeder informed Irwin that rights under the '081 Patent were still available. On or about September 24, 2002, Irwin informed Orosz that it had no interest in purchasing any rights under the '081 Patent.

On or about December 20, 2002, Schroeder responded to Irwin's rejection in a letter alleging that Irwin's STRAIT-LINE® laser product is an intentional infringement upon the '081 Patent, which Schroeder stated that he intended to protect. In response to this allegation, Irwin replied in a letter, asking that Defendants explain their infringement position and stating that Irwin's STRAIT-LINE® laser product lacks at least one element of each claim of the '081 Patent. On January 23, 2003, Schroeder wrote another letter to Irwin in Illinois, repeating both the allegation of patent infringement and threats of their legal rights.

Soon after the January 23 letter, Orosz contacted Ace, in Oakbrook, Illinois, in an alleged attempt to harm Irwin's STRAIT-LINE® laser product position in the marketplace and to interfere

with Irwin's customer relationships. Orosz told Ace that the STRAIT-LINE® laser product infringes upon the '081 Patent. In response to Orosz's allegation, Ace demanded and received an agreement from Irwin that states that Irwin will indemnify Ace in any patent infringement suits that the Defendants may bring. Soon after this, Schroeder contacted John Wilke ("Wilke"), Irwin's in-house counsel in Vernon Hills, Illinois, threatening to inform the rest of Irwin's customers that the STRAIT-LINE® laser product infringes upon the '081 Patent. Then, in a February 21, 2003 letter, Schroeder threatened to exercise "one or more of the options available" to Defendants if Irwin would not "resolve the matter" with them.

Defendants have moved to dismiss the case, alleging that this Court lacks personal jurisdiction over the Defendants.

The plaintiff bears the burden of demonstrating the existence of personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997) (*RAR*). The allegations in the complaint are taken as true unless controverted by the defendants' affidavits. Any conflicts in the affidavits submitted by the parties are resolved in the plaintiff's favor. *See Berthold Types Ltd. v. European Mikrograph Corp.*, 102 F. Supp. 2d 928, 930 (N.D. Ill. 2000), citing *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

In patent infringement lawsuits, Federal Circuit law is controlling with deference given to the state's highest court to determine whether personal jurisdiction over the defendants exits. *See LSI Indus. Inc. v. Hubbell Lighting*, 232 F.3d 1369, 1371 (Fed. Cir. 2000) (*LSI Indus.*). However, the law of the regional circuit, as opposed to the Federal Circuit, is applied in situations where the issue of personal jurisdiction with respect to the non-patent counts is not "intimately linked" to patent law. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003) (*Silent*

*Drive*); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 857 (Fed. Cir. 1999) (*Amana*). The personal jurisdictional holdings of the Federal Circuit cannot suppress a district court's appropriate exercise of personal jurisdiction in regards to non-patent claims which possess an independent basis for jurisdiction. *See Silent Drive*, 326 F.3d at 1203-1206.

In the instant case, Counts I and II are "intimately linked" to patent law; and, thus, Federal Circuit law must be applied to these claims. However, in Count III, Irwin alleges an independent federal count that is not "intimately linked" to federal patent law, *i.e.*, unfair competition and violation of the Lanham Act. Accordingly, the law of this regional circuit is applied to Count III. *See Silent Drive*, 326 F.3d at 1206. Furthermore, if this Court has personal jurisdiction over the Defendants for Count III, supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367(a) confers supplemental personal jurisdiction in regards to the remaining counts. *See Silent Drive*, 326 F.3d at 1206.

In cases involving federal questions, a plaintiff must show that (1) the defendant is amendable to service of process and (2) the exercise of personal jurisdiction over the defendant comports with due process under the Fifth Amendment of the United States Constitution. *Euromarket Designs, Inc. v. Crate & Barrel, Ltd.*, 96 F. Supp. 2d 824, 833-34 (N.D. Ill. 2000) (*Euromarket*).

The Illinois long-arm statute provides, in part, that personal jurisdiction may be exercised over defendants that commit certain enumerated acts within Illinois or "on any other basis ... permitted by the Illinois Constitution and the Constitution of the United States". 735 ILCS § 5/2-209(a)(2), (c). Because of this broad statute, "the statutory analysis collapses into a due process inquiry, and [the court] need not consider whether the defendants engaged in any of the acts

4

enumerated in the long-arm statute". *Euromarket*, 96 F. Supp. 2d at 834, *quoting LFG, LLC v. Zapata Corp.*, 78 F. Supp. 2d 731, 735 (N. D. Ill. 1999).

The Fourteenth Amendment Due Process Clause permits a court to exercise jurisdiction over a nonresident defendant only if the defendant has had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), *quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940); *Neuman & Assoc. v. Florabelle Flowers*, 15 F.3d 721, 725 (7th Cir. 1994). This determination depends on whether the plaintiff asserts general or specific jurisdiction against the defendant. *RAR*, 107 F.3d at 1277. "General jurisdiction ... is for suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum state." *RAR*, 107 F.3d at 1277. Specific jurisdiction "refers to jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277, *quoting Helicopteros Nacionales de Columbia, S.A. v. Hall*, 486 U.S. 408 (1984).

In the instant case, Irwin does not allege that the Defendants had "continuous and systematic" contact with Illinois. As a result of its failure to assert general jurisdiction in the complaint and in their response to the Motion to Dismiss, Irwin has waived any general jurisdiction arguments. *See RAR*, 107 F.3d at 1277.

As to Counts I and II of the present case, an exercise of personal jurisdiction satisfies due process depending upon "(1) whether the defendant purposely directed its activities at residents of the forum, (2) whether the claim arises out of or relates to the defendant's activities with the forum, and (3) whether assertion of personal jurisdiction is reasonable and fair." *See Silent Drive*, 326 F.3d at 1201-1202.

5

The first factor, which requires that the defendant has purposely directed its activities at residents of the forum, is met if his "conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (*World-Wide*).

In Counts I and II, Irwin claims that, through a series of contacts via telephone, e-mail, and letters, the Defendants falsely and in bad faith made allegations and suggested to Irwin and one of its large customers, Ace, that the Defendants are the only source of the portable laser unit. Taken together, all of the Defendants' contacts demonstrate that a reasonable person would expect that such conduct could cause him to be brought into, or "haled" into, a court in Illinois to answer such allegations.

The second factor requires that the claim arise out of or relate to the defendant's activities with the forum. In the present case, the Defendants' telephone calls, e-mails, and letters to Irwin and Ace in Illinois all revolve around the Defendants' allegations of the infringement of the '081 Patent. Counts I and II, which seek both a declaratory judgment of non-infringement of the '081 Patent and a declaratory judgment of the invalidity of the '081 Patent, both focus on the series of contacts (telephone calls, e-mails, and letters to Irwin and Ace in Illinois), all related to the alleged infringement '081 Patent, specifically asserting that they were made falsely and in bad faith. Therefore, the second requirement is met because Irwin's claims for both a declaratory judgment of non-infringement of the '081 Patent and a declaratory judgment of the invalidity of the '081 Patent arise out of and are related to the Defendants' alleged contacts with Illinois.

While the first two factors relate to the "minimum contacts" prong of the analysis set forth in *International Shoe*, the third factor involves "fair play and substantial justice". *See Silent Drive*,

326 F.3d at 1202. Under this third factor, sending letters threatening patent infringement litigation to the plaintiff in the forum is not enough to confer personal jurisdiction, despite the fact that the letters were purposely directed at the forum and the declaratory judgment action has arisen out of the letters. *See Silent Drive*, 326 F.3d at 1202. The sending of such letters to the alleged infringing party is not enough to confer personal jurisdiction because it would not comport with "fair play and substantial justice"; the letters would need to be supplemented by other activities of the defendant that are both directed at the forum and related to the cause of action. *See Silent Drive*, 326 F.3d at 1202.

However, Irwin has also alleged that the Defendants used e-mail and telephone calls, as well as the letters, as methods of not only threatening patent infringement litigation but of falsely suggesting to both Irwin and one of its larger customers that the Defendants, and not Irwin, were the only legitimate source of any portable laser unit. Irwin also alleges that Defendant Schroeder threatened to contact the rest of Irwin's customers and inform them that Irwin's STRAIT-LINE® laser product is an intentional infringement upon the '081 Patent. These alleged additional activities constitute the "other activities" that need to be directed at the forum and are related to the cause of action for the exercising of personal jurisdiction to comport with "fair play and substantial justice". Accordingly, this Court has personal jurisdiction over Orosz and Schroeder.

Assuming argumendo, that Orosz and Schroeder's conduct was insufficient to confer personal jurisdiction based on Counts I and II, this Court would still have personal jurisdiction over the Defendants pursuant to Count III. Similar to that of the Federal Circuit, specific jurisdiction exists if: (1) the defendant purposefully availed itself of the privilege of conducting activities in the forum state, (2) the claim arises out of or is related to those activities, and (3) the assertion of personal

jurisdiction is reasonable and fair. *See Euromarket*, 96 F. Supp. 2d at 834.

The critical issue in this first requirement is whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there" because the defendant has "purposely availed itself of the privilege of conducting activities there." *World-Wide*, 444 U.S. at 297; *Burger King Corp. v. Redzewicz*, 471 U.S. 462, 475 (1985) (*Burger King*). This requirement is not met if the defendant's conduct and connection with the forum state are the result of "random", "fortuitous", or "attenuated" contacts with the forum state. *See Burger King*, 471 U.S. at 475.

Allegations of tortious conduct directed at a business in Illinois establish the minimum contacts required under the federal due process clause. Therefore, it also establishes those required under the Illinois' long-arm statute because a person who commits a tort against a business in Illinois, even if the actual tort was committed outside of Illinois, should reasonably anticipate being haled into court in Illinois. *Janmark Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997); *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 2003 WL 21146690 (N.D. Ill. May 15, 2003).

In Count III, Irwin alleges unfair competition under the Lanham Act. Specifically, Irwin claims that, through a series of contacts via telephone, e-mail, and letters, the Defendants falsely and in bad faith made allegations and suggested to Irwin and one of its larger customers, Ace, that the Defendants are the only source of the portable laser unit. Taken together, all of the Defendants' contacts demonstrate that a reasonable person would expect that such conduct could cause him to be brought into a court in Illinois to answer such allegations.

The second requirement, that the claim arises out of or is related to these minimum contacts with the forum state, "aims to give a degree of predictability to the legal system that allows potential

defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide*, 444 U.S. 286 at 297.

In the present case, the Defendants' telephone calls, e-mails, and letters to Irwin and Ace in Illinois all revolve around the Defendants' allegations of the infringement of the '081 Patent. Irwin's claim of unfair competition under the Lanham Act focuses on these series of contacts, all related to the alleged infringement '081 Patent, specifically asserting that they were made falsely and in bad faith. Therefore, the second requirement is met because Irwin's claim of unfair competition under the Lanham Act arises out of and is related to the Defendants' alleged contacts with Illinois.

The third and last requirement, which requires that the assertion of personal jurisdiction be reasonable and fair, considers: (1) the defendant's burden of litigating in the forum, (2) the forum state's interests, (3) the interest of the plaintiff in obtaining effective and convenient relief, (4) the interstate judicial system's interest in obtaining an efficient resolution, and (5) the several states' interest in the furtherance of fundamental substantive policies. *See Burger King*, 471 U.S. at 477.

Through a series of letters, phone calls, and e-mails on the part of the Defendants, and allegedly committing tortious conduct through these contacts with Irwin and one of its larger customers, the Defendants cannot assert that litigating this case in Illinois would place an undue burden on them; that is, litigating this case in Illinois would place a minimal burden upon the Defendants. Illinois' interest in protecting its businesses is great; and thus, since Irwin is an Illinois company, Illinois has an interest in having this matter resolved in Illinois. Since Irwin is an Illinois company, its interest in obtaining effective and convenient relief would best be served by adjudicating this case in Illinois. Lastly, since the Defendants' alleged tortious conduct caused Irwin injury in Illinois and since Illinois, thus, has a strong interest in adjudicating such a case arising from

injuries occurring within its borders, both the interstate judicial system's interest in obtaining an efficient resolution and the several states' interest in the furtherance of fundamental substantive policies would best be served by having this case litigated in Illinois. Therefore, requiring Orosz and Schroeder to defend this action in Illinois does not offend the traditional notions of fair play and substantial justice.

Based on the above factors, this Court has personal jurisdiction over Orosz and Schroeder.

Alternatively, the Defendants seek a transfer of venue from the Northern District of Illinois to the Northern District of Ohio.

In general, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. *Law Bulletin Publishing Co., v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D. Ill. 1998) (*Law Bulletin*). District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (*Heller*).

When evaluating the relative convenience of the parties and witnesses, the court considers: (i) the plaintiff's initial forum choice, (ii) the convenience of witnesses, (iii) the relative ease of access to other evidence, (iv) the situs of material events, and (v) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *Georgouses v. Natec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D. Ill. 1997) (*Georgouses*).

10

The plaintiff's initial choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. *Kamel v. Hill-Rom Company, Inc.*, 108 F.3d 799, 802 (7th Cir. 1997). However, there are other factors to consider; and the weight given to the plaintiff's choice can vary, depending on the circumstances of each individual case. *Georgouses*, 963 F.Supp. at 730; *Law Bulletin*, 992 F.Supp. at 1017. For example, where the plaintiff's choice of forum is not the site of material events, plaintiff's choice of forum is entitled less deference. *See Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989).

In the instant case, Irwin chose to bring suit in the Northern District of Illinois. Irwin is a Delaware corporation with its principal place of business in Freeport, Illinois. Orosz is a resident of Oregon, Ohio; and Schroeder is a resident of Toledo, Ohio. The situs of material events - the letters, telephone calls, and e-mails - were all directed at Irwin and Ace in the Northern District of Illinois. Because deference is granted to the Plaintiff's initial forum choice, this factor weighs in favor of denying Defendant's motion to transfer.

The convenience of the witnesses who will testify at trial is one of the most important factors when deciding on an appropriate forum. *Law Bulletin*, 992 F.Supp. at 1018. However, the defendant will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience. *Law Bulletin*, 992 F.Supp. at 1018. Courts go beyond simply looking at the number of witnesses and weighing the quality and nature of their proposed testimony. *Law Bulletin*, 992 F.Supp. at 1018. The defendant is obligated to specify particular witnesses to be called and explain the nature of their testimony. *Heller*, 883 F.2d at 1293. In order to overcome the deference to the plaintiff's forum choice on the issue of witness convenience, the defendant must show that the testimony of these particular witnesses is necessary to his case. *General Portland Cement Co. v.*

11

*Perry*, 204 F.2d 316, 319 (7th Cir. 1953) (*General Portland*). As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily. Therefore, more attention should be given to the location of the non-party witnesses and those witnesses not within the control of the parties. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002) (*Spherion*).

Here, neither party has properly identified specific witnesses, except for Orosz and Schroeder, who have identified themselves as "important and necessary witnesses". Since more attention should be given to the location of the non-party witnesses and those witnesses not within the control of the parties, the Defendants have failed to meet their obligation to specify particular witnesses and show how their testimony is necessary to this case.

As to the relative convenience of the parties in litigating in the respective forums, as stated above, both parties have failed to adequately specify who their witnesses are and why they are important to the case. In regards to the convenience of the parties and witnesses, the majority of the Defendants' argument is that Irwin is more able to financially bear litigation in Ohio than the Defendants are able to in Illinois. While the Defendants contend that Illinois is not a good forum because they have "only a random and isolated connection" to it, the alleged tortious contacts was directed at Irwin in Illinois and Schroeder is a licensed attorney and engineer in Illinois. Accordingly, this factor weighs in favor of not transferring venue.

The analysis of the interest of justice focuses on the efficient administration of the court system, as opposed to the private considerations of the litigants. *Amoco*, 90. F.Supp.2d at 961. This includes considering: (i) the relative familiarity of the courts with the applicable law, (ii) the relation of the respective forums with the issue in the case, and (iii) the relative congestion of the court

dockets. *Amoco*, 90 F.Supp.2d at 961; *Georgouses*, 963 F.Supp. at 730.

Both the Northern District of Illinois and Northern District of Ohio are familiar with the substantive law. The state law claims are governed by Illinois law, and an Illinois District Court would be the most familiar with such law. Accordingly, this factor does not weigh in favor of the Defendants' Motion to Transfer Venue.

As discussed above, events bearing a relation to this cause of action took place in the Northern District of Illinois. Therefore, the Northern District of Illinois, as opposed to the Northern District of Ohio, has more of a relation with the issue in this case. Accordingly, this factor does not weigh in favor of a transfer.

Lastly, no evidence is presented demonstrating that the relative congestion of the court dockets indicates that, on average, cases are resolved faster in the Northern District of Ohio than in the Northern District of Illinois. As such, this factor does not weigh in favor of granting the Defendants' motion.

In sum, the above factors do not weigh in favor of granting Orosz and Schroeder's Motion to Transfer Venue to the Northern District of Ohio; and Orosz and Schroeder's Motion to Transfer Venue to the Northern District of Ohio is denied.

For the foregoing reasons, the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is denied; and the Defendants' Motion to Transfer Venue is also denied.

Dated: August 27, 2003

JOHN W. DARRAH
United States District Judge