# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1738 | **DATE** | 3/17/2004 |
| **CASE TITLE** | Irwin Industrial Tool Company vs. Orosz, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion to compel plaintiff and third-party Brinks Hofer to produce documents is granted. Enter Memorandum Opinion and Order. Status hearing held and continued to 4/7/04 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | 3/18/04 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 68 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| MF | courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRWIN INDUSTRIAL TOOL COMPANY, | ) | |
| Formerly known as American Tool Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 03 C 1738 |
| | ) | |
| STEVEN J. OROSZ, JR., and | ) | Judge John W. Darrah |
| CHARLES F. SCHROEDER, | ) | |
| | ) | |
| Defendants. | ) | |

MAR 1 8 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Irwin Industrial Tool Company ("Irwin"), filed suit against Defendants, Stephen J. Orosz, Jr. and Charles F. Schroeder (collectively "Orosz"), seeking a declaratory judgment that its Strait-Line Laser Level product did not infringe United States Patent Number 5,836,081 ("the '081 patent"). Defendants then filed a counter-claim for infringement against Plaintiff. Presently before the Court is Defendants' motion to compel production of certain documents from a third-party law firm, Brinks Hofer Gilson & Lione ("Brinks Hofer"). For the following reasons, Defendants' motion to compel Plaintiff and third-party Brinks Hofer to produce documents is granted.

## BACKGROUND

The facts, for the purposes of this motion, are as follows. On or around December 20, 2002, Defendants mailed a letter to Plaintiff accusing Plaintiff of infringing the '081 patent by selling its Strait-Line Laser Level product. On or around December 23, 2002, Plaintiff sought the advice of an outside patent counsel, Michael Chu of Brinks Hofer.

Thereafter, Chu allegedly communicated orally to Plaintiff that the Strait-Line Laser Level did not infringe the '081 patent.

In February 2003, Plaintiff asked Chu to formalize his written opinion of non-infringement. Plaintiff then filed its declaratory action, and Defendants filed its counterclaim that the Plaintiff infringed the '081 patent. Defendants also claimed that Plaintiff's alleged infringement was willful.

Plaintiff filed an answer to Defendants' counterclaim and then notified Defendants that it would defend the willfulness charge by showing a good faith reliance on the opinion of counsel. Thereafter, in response to two document requests, Plaintiff produced Chu's written opinion letter, dated March 25, 2003. Footnote one to this opinion states: "Previous opinions of noninfringement [sic] and/or invalidity were conveyed to you relating to the '081 patent on several dates, including January 2, 2003, March 3, 2003 and March 7, 2003." Plaintiff and Brinks Hofer also produced other documents relating to both its and Brinks Hofer's consideration of the '081 patent.

However, Brinks Hofer did not disclose its internal work papers that were not communicated to Plaintiff or anyone else outside of Brinks Hofer. Defendants seeks discovery of this material. Specifically, Defendants seek production of: (1) all drafts of the Chu opinion letter; (2) all documents and things related to the opinions referenced in footnote one of the Chu opinion letter; (3) all documents and things, including notes, memos, and e-mails in Brinks Hofer's files relating to the subjects in Chu's opinion letter, exchanged between Chu and any other person or entity relating to the Chu opinion letter, this lawsuit, and the Strait-Line Laser

Level; and (4) all documents, things, and files at Brinks Hofer relating to the Chu opinion letter, this lawsuit, and the Strait-Line Laser Level.

## ANALYSIS

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Neither party disputes that once Plaintiff relies on an advice-of-counsel defense in response to a charge of willful infringement, the attorney-client and work-product immunity privileges are waived for documents Brinks Hofer gave to Plaintiff which relate to the same subject matter as the advice-of-counsel defense. *E.g., Thermos Corp. v. Starbucks Corp.*, No. 96 C 3833, 1998 WL 781120, at *1 (N.D. Ill. Nov. 3, 1998) (*Thermos*). This waiver also applies to any orally communicated opinions given by Brinks Hofer to Plaintiff. *See, e.g., Thermos*, 1998 WL 781120, at *1.

However, the parties dispute whether the waiver of the work-product privilege also applies to documents Brinks Hofer created, but did not communicate to Plaintiff in any fashion, in forming Chu's opinion letter. "Federal courts are split on the issue of whether non-communicated work product must be produced in these circumstances." *Thermos*, 1998 WL 781120, at *3. In fact, courts within this district have produced different opinions on this issue.

In *Thermos*, the court held that "work product not communicated to the company is irrelevant to the company's state of mind." *Thermos*, 1998 WL 781120, at *4. The reasoning focused on the alleged infringer's state of mind to determine whether any infringement was

3

willful. Thus, "[b]ecause Defendants' state of mind is the relevant issue, we think Plaintiffs are entitled only to work product communicated to Defendants." *Thermos*, 1998 WL 781120, at *4; *see also Solomon v. Kimberly-Clark Corp.*, No. 98 C 7598, 1999 WL 89570, at *3 (N.D. Ill. Feb. 12, 1999) ("Because the appropriate focus is on the relevance to the alleged infringer's state of mind, and not to counsel's state of mind, the bright-line distinction between what is and what is not communicated to the alleged infringer is the optimal guiding principle.").

On the other hand, in *Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 218 (N.D. Ill. 2001) (*Bank One*), the court extended the waiver of privilege "to documents that contradict or cast doubt on the opinions that were revealed, irrespective of whether the documents indicate on their face that they were conveyed to the client." The *Bank One* court reasoned that materials which cast doubt on a counsel's opinion letter may not be conveyed in written format to the client. However, "if negative information was important enough to reduce to a memorandum, there is a reasonable possibility that the information was conveyed in some form or fashion to the client." *Bank One*, 205 F.R.D. at 218; *see also Lakewood Eng'g & Mfg. Co. v. Lasko Prods., Inc.*, No. 01 C 7867, 2003 U.S. Dist. LEXIS 3867, at *30 (requiring defendant to produce its attorneys' thought processes, notes, mental impressions, and materials that contradict or cast doubt on the opinion letters, regardless of whether these opinions were communicated to defendant); *Clintec Nutrition Co. v. Baxa Corp.*, No. 94 C 7050, 1996 U.S. Dist. LEXIS 4001, at *6 (N.D. Ill. Apr. 1, 1996) (explaining that information which casts doubt on a counsel's opinion letter is a consideration needed to determine whether the work product doctrine is applicable).

Plaintiff, relying on *Thermos*, argues that under the advice-of-counsel defense, all that matters is the accused infringer's state of mind, and not the state of mind of its counsel. *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1579 (Fed. Cir. 1996). However, this argument relates more to the issue of admissibility at trial of the material sought, not whether the privilege applies and whether or not the material is discoverable. Once it is established that the privilege should be waived, Defendants only need to show that the material it seeks is relevant for purposes of discovery. This broad relevance standard only requires that this material lead to the discovery of admissible evidence and not that the material necessarily be admissible.

Brinks Hofer, in its opinion letter, stated that it rendered oral opinions to Plaintiff prior to issuing the written opinion letter. While Brinks Hofer contends that these oral opinions were consistent with the final opinion letter given to Plaintiff, that assertion is properly tested through discovery of all relevant material and possible contrary evidence to determine Plaintiff's state of mind for purposes of its willful infringement defense. Evidence of this nature may be admissible for purposes such as impeachment of contrary testimony.

Accordingly, Plaintiff is directed to produce the material Defendants requested.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel Plaintiff and third-party Brinks Hofer to produce documents is granted.

Dated: March 17, 2004

JOHN W. DARRAH
United States District Judge