Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1738 | **DATE** | 12/14/2004 |
| **CASE TITLE** | Irwin Industrial Tool Co vs. Orosz | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion and order, defendants' motion for summary judgment is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| No notices required, advised in open court. | | | |
|---|---|---|---|
| No notices required. | | number of notices | Document Number |
| Notices mailed by judge's staff. | | DEC 16 2004 | |
| Notified counsel by telephone. | | date docketed | |
| Docketing to mail notices. | | | 108 |
| Mail AO 450 form. | | docketing deputy initials | |
| Copy to judge/magistrate judge. | | | |
| | | date mailed notice | |
| MF | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRWIN INDUSTRIAL TOOL COMPANY, )
formerly known as American Tool Company, )
)
    Plaintiff/Counter-Defendant, )
)    DEC 1 3 2004
v. )   No: 03 C 1738
)
STEVEN J. OROSZ, JR., and )   Judge John W. Darrah
CHARLES F. SCHROEDER, )
)
    Defendants/Counter-Claimants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff/Counter-Defendant, Irwin Industrial Tool Company, filed suit against Defendants/Counter-Claimants, Stephen J. Orosz, Jr. and Charles F. Schroeder, seeking a declaratory judgment that its Strait-Line Laser Level product did not infringe United States Patent Number 5,836,081 ("the '081 patent"). After the claims of the '081 patent were construed in a written opinion dated July 26, 2004[1], Defendants filed the instant motion for summary judgment, arguing that the '081 patent was literally infringed. For the following reasons, that motion is denied.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One

---

[1] *Irwin Indus. Tool Co. v. Orosz*, No. 03 C 1738, 2004 WL 1687186 (N.D. Ill. July 26, 2004).

of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def.'s 56.1") and exhibits, are as follows.

Claim One of the '081 patent provides:

A portable laser unit for use in aligning spaced points comprising,

*a pen-light laser* and *leveling means directly associated therewith* for providing a reference for horizontal orientation of the beam projected therefrom,

*a transparent bar* positioned for transmission of the beam of said laser therethrough *to convert said beam to a line of light on surfaces to which it is projected.*

The claim was construed as follows: (1) a pen-light laser is a laser that is about as small and slender as a fountain pen, and the pen-light laser may be part of a larger, portable laser unit; (2) leveling means directly associated therewith only requires that the leveling means have a fixed relationship with the pen-light laser; (3) **a transparent bar is a transparent and straight, cylindrical, rod-like piece that is considerably longer than it is wide**; and (4) to convert said beam to a line of light on surfaces to which it is projected only requires that the device project the beam as a line on a surface, regardless of whether the surface is a remote surface (emphasis added).

Plaintiff markets and sells the accused device at issue, which is known as the "Strait-Line Laser Level." Def.'s 56.1 ¶ 1. The accused device includes a six-sided cube-shaped lens. Pl.'s 56.1 ¶ 21. The lens is placed in front of the laser. Def.'s 56.1 ¶ 38. The top edge of the lens farthest away from the laser has a rounded edge. Def.'s 56.1 ¶ 36.

## ANALYSIS

The parties raise a number of issues, including whether the accused device has a transparent bar as construed in Claim One of the '081 patent. "The determination of infringement is a two-step process. First, the court construes the claims at issue to determine their scope. Second, it compares the properly construed claims to the accused device."

3

*Intellectual Prop. Dev. v. UA-Columbia Cablevision*, 336 F.3d 1308, 1313 (Fed. Cir. 2003) (citations omitted). To prove a claim is literally infringed, "the patentee must show that every limitation in the asserted claim is met by the accused product," literally. *Am. Permahedge, Inc. v. Barcana, Inc.*, 105 F.3d 1441, 1443 (Fed. Cir. 1997). Whether an accused product infringes the patent is a question of fact. *Johnson Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 988 (Fed. Cir. 1999).

Defendants argue that the rounded edge of the lens in the accused device constitutes a transparent bar as construed in the claim construction opinion. Defendants also argue that because the laser beam is only converted to a line of light when it passes through the curved portion of the lens, the transparent material in addition to the rounded edge of the lens does not prevent Plaintiffs from literally infringing the transparent bar limitation. *See SunTiger, Inc. v. Scientific Research Funding Group*, 189 F.3d 1327, 1336 (Fed. Cir. 1999).

Whether the rounded edge of the lens infringes Claim One of the '081 patent because it constitutes a cylindrical, rod-like piece is a genuine issue of material fact not appropriate to resolve on summary judgment. Finally, genuine issues of material fact exist as to whether only the portion of the laser beam that passes through the curved portion of the lens is converted to a line of light. Accordingly, Defendants have not demonstrated every limitation in Claim One is literally infringed.[2]

---

[2] Plaintiff, in its response, also seeks summary judgment on the issue of literal infringement. Although a court may grant summary judgment to the non-movant when the non-movant provides notice, it is not required to do so. *See Goldstein v. Fid. and Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 750-51 (7th Cir. 1996) ("a district court can always invite a non-moving party to file a summary judgment motion in its favor"). Therefore, whether Plaintiff should be awarded summary judgment on the issue of literal infringement will not be now considered.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied.

Dated: December 14, 2004

JOHN W. DARRAH
United States District Judge